UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MACK BUTLER,

                Plaintiff,

                                      MEMORANDUM & ORDER
    -against-                      14-CV-7111(JS)(GRB)

SUFFOLK COUNTY SHERIFF VINCENT
DEMARCO, SECURITY OFFICER SANACRUZ,
JR., and JOHN DOE HEARING SERGEANT,
Individually and in their Official
Capacities,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Mack Butler, pro se
                        13A3096
                        Five Points Correctional Facility
                        State Route 96
                        P.O. Box 119
                        Romulus, NY 14541

For Defendants:     No appearances.

SEYBERT, District Judge:

        On November 24, 2014, incarcerated pro se plaintiff Mack Butler ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Sheriff Vincent F. DeMarco, Security Officer Sancruz, Jr., and an unidentified individual who is alleged to be a "Hearing Sergeant" at the Suffolk County Correctional Facility (collectively, "Defendants") (Compl. ¶¶ I, III), accompanied by an application to proceed in forma pauperis.

        Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment

of the filing fee.  See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.  Accordingly, the Court ORDERS service of the Summonses and Complaint upon the Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summons and the Complaint on the unidentified Defendant without more information.  The Second Circuit has held that district courts must provide incarcerated pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants.  See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam).  Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney.  The Suffolk County Attorney's Office is requested to attempt to ascertain the full name of the unnamed Hearing Sergeant who is described in the Complaint (see Compl. ¶ III) and to provide to the Court and to Plaintiff his or her name and the address where this individual can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendant, a Summons shall be issued as to that Defendant, and the USMS shall serve him or her. The Suffolk County Attorney need not undertake to defend or

indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendant as instructed by the Second Circuit in <u>Valentin</u>.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the Defendants by the USMS.

The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full name of the unidentified Suffolk County Hearing Sergeant who is described in the Complaint and to provide his or her name and the address where this Defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendant, a Summons shall be issued as to that Defendants, and the USMS shall serve him or her.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45,

82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February   3  , 2015
       Central Islip, New York